Dear Mr. Hughes:
This office is in receipt of your request for an opinion of this office. Therein, you raise certain issues for our review.
 1. "In the past, Ascension Parish, or alternatively, the East Ascension Drainage Board, has erected bridges across public drainage rights of ways leading to or accessing private properties Additionally we have been requested by citizens to erect additional bridges over existing drainage right of ways in consideration for which they would grant the Parish, or Drainage Board, a right-of-way to maintain the public drainage canals [M]ay the Parish, or Drainage Board, continue to expend public funds for the maintenance or erection of these bridges?"
As we understand this question, you seek our guidance with respect to two scenarios. The first regards the erection of bridges over existing public rights of way for the purpose of providing access to private property. The second scenario also pertains to the erection of bridges over existing rights of way, but in these cases the Parish is offered a right of way for the maintenance of the drainage canals the bridges will span.
Implicitly, your our inquiries must be examined in light of La.Const. Art. VII, Sec. 14(A), which prohibits the loan, pledge, or donation of the funds or assets of the state or any political subdivision "to or for any person, association, or corporation, public or private." Art. VII, Sec 14 has been interpreted by the Louisiana Supreme Court in City of Port Allen v. LouisianaMunicipal Risk Agency, 439 So.2d 399 (La. 1983), which held that this constitutional provision is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so.
Certain previous opinions of this office also provide guidance in addressing your questions, including Attorney General's OpinionNo. 02-0190, mentioned in your letter, which provides that public funds can not be expended for the repair of a bridge located on private property unless the expenditure will bring about a public benefit, i.e. for the public at large as distinguished from a single property owner. Also quite pertinent is Attorney General'sOpinion No. 95-41 which concluded that a Police Jury could expend public funds to a repair a bridge built by the Police Jury, only if, in the opinion of the Police Jury, such work would further the best interests of the parish and the parish road system. We also call your attention to Attorney General's Opinion No. 94-102 which determined that the expenditure of public funds by a Gravity Drainage District to help defray the cost of a private bridge designed to avoid obstruction of natural drainage but constructed on private property would be prohibited by La. Const. Art. VII,Sec 14. Pertinently, Opinion No. 94-102 concluded:
 "not only does the Drainage District not have an obligation to pay part of the costs of building a bridge over a drainage canal sufficient to ensure proper drainage, the District has the obligation to remove, at the cost of the land owner, a bridge which obstructs such drainage. Additionally, it is the obligation of the landowner to ensure that a bridge built across a drainage canal does not obstruct drainage."
Although this office is not a finder of fact, your letter gives the impression that the bridges you refer to have been or will be built to serve only the private landowner of the property each bridge will access or sit upon. In such cases, the benefits resulting from the erection or maintenance of such bridges would presumably inure only to the benefit of the individual landowners, and not to the public at large. In our opinion, neither Ascension Parish nor the East Ascension Drainage Board can expend public funds for the erection or maintenance of a bridge unless the bridge will bring about a public benefit and serve the interests of the public at large. If the erection of the bridge is primarily of the benefit of a private landowner, the landowner must assume responsibility for the erection of the bridge.
 2. "It has also been brought to my attention that our public works department has been burying livestock for private citizens. Is this practice legal or illegal?"
 As previously noted, La. Const. Art. VII, Sec. 14(A) prohibits the loan, pledge, or donation of the funds or assets of the state or any political subdivision "to or for any person, association, or corporation, public or private." In accordance with City of PortAllen v. Louisiana Municipal Risk Agency, supra, this constitutional provision is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so.
Our research revealed no provision of law which would obligate or authorize the Parish to gratuitously bury or dispose of the carcasses of privately owned livestock. Accordingly, it is the opinion of this office that the Ascension Parish Department of Public Works may not continue burying such livestock for private citizens.
In addition to the questions addressed above, your inquiry presented a third question, pertaining to the legality of a contract entered into by the Parish of Ascension with The Ascension Channel, LLC entitled "Contract for Production and Channel Management Services". Your third question raises issues we have previously been asked to address by Assistant District Attorney Ricky L. Babin. Mr. Babin's request, No. 04-0105, is under consideration by this office and the issues raised therein are being researched. A copy of that opinion will be forwarded to you immediately upon its release.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam